SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** DEBORAH KRONSTAD, M.D. and COMMUNITY
*(AVISO AL DEMANDADO):* HEALTH CENTERS and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** SUZANNE ABREU and KENNETH
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* ALARCON.

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
1/12/2018 3:50 PM
SAN LUIS OBISPO SUPERIOR COURT
BY Carol L. McGuirk, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of San Luis Obispo
1035 Palm Street, Room 385
San Luis Obispo, California 93408

CASE NUMBER:
*(Número del Caso):* 18CV-0032

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Thomas E. Donahue
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
DONAHUE & HORROW LLP
1960 E Grand Ave, Ste 1215, El Segundo, CA 90245        (310) 322-0300

DATE: 1/12/2018 3:50 PM    /s/Michael Powell    Clerk, by _Linda McGuirk_, Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

3
EXHIBIT 1

THOMAS E. DONAHUE (SBN 156279)
DONAHUE & HORROW, LLP
1960 E. Grand Ave., Suite 1215
El Segundo, California 90245
Telephone: (310) 322-0300
Facsimile: (310) 322-0302
Email: tdonahue@donahuehorrow.com

ELECTRONICALLY
FILED
1/12/2018 3:50 PM

SAN LUIS OBISPO SUPERIOR COURT
BY Carol L. McGuirk, Deputy Clerk

Attorneys for Plaintiffs,
SUZANNE ABREU and KENNETH ALARCON

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN LUIS OBISPO

| | |
|---|---|
| SUZANNE ABREU and KENNETH ALARCON,<br><br>Plaintiffs,<br><br>vs.<br><br>DEBORAH KRONSTAD, M.D. and COMMUNITY HEALTH CENTERS and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 18CV-0032<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |

COME NOW plaintiffs SUZANNE ABREU and KENNETH ALARCON, (hereinafter collectively referred to as "Plaintiffs") and allege upon information and belief as follows:

**GENERAL ALLEGATIONS**

1. The true names, identities or capacities, whether individual, associate, corporate or otherwise of Defendants DOES 1 through 50, inclusive, are unknown to Plaintiffs who, therefore, sue said Defendants by such fictitious names. When the true names, identities or capacities of such fictitiously-designated Defendants are ascertained, Plaintiffs will ask leave of Court to amend the Complaint to insert said true names, identities and capacities, together with the proper charging

allegations.

2. Plaintiffs are informed and believe and thereon allege that each of the Defendants sued herein as a DOE is responsible in some manner for the events and happenings herein referred to, thereby legally causing the injuries and damages to the Plaintiffs as herein alleged.

3. Plaintiffs are informed and believe and thereon allege that all of the facts, acts, events and circumstances herein mentioned and described occurred in the County of San Luis Obispo, State of California, and all Defendants are residents of the County of , State of California, doing business in said County, State of California.

4. At all times herein mentioned, Defendants, DEBORAH KRONSTAD, M.D. and DOES 1 through 10, inclusive, were, and now are, physicians and surgeons, holding themselves out as duly licensed to practice their profession under and by virtue of the laws of the State of California and were, and now are, engaged in the practice of their profession in the State of California and acting as agents, ostensible agents, employees and servants of some or all of the other Defendants within the course and scope of said agency or employment.

5. At all times herein mentioned, Defendants, and DOES 11 through 20, inclusive, were, and now are, registered nurses, licensed vocational nurses, practical nurses, certified nurse midwives, aids, technicians, attendants, students or other paramedical personnel, holding themselves out as duly able to practice their profession under and by virtue of the laws of the State of California and were, and now are, engaged in the practice of their profession in the State of California and acting as agents, ostensible agents, employees and servants of some or all of the other Defendants within the course and scope of said agency or employment.

6. At all times herein mentioned, Defendants COMMUNITY HEALTH CENTERS and DOES 21 through 30, inclusive, were corporations, partnerships, joint ventures, or other entities organized and existing under the laws of the State of California, with their principal place of business situated in the State of California and are the employees, partners, agents, ostensible agents, principles of all other defendants, and each of them.

7. At all times herein mentioned, Defendants and DOES 31 through 40, inclusive, were duly organized California corporations, partnerships, hospitals or other entities, existing under and

by virtue of the laws of the State of California; that said Defendant corporations, hospitals and the remaining Defendants, and each of them, owned, operated, managed and controlled a general hospital facility within the County of San Luis Obispo, State of California, held out to the public at large and to the Plaintiffs herein, as properly equipped, fully accredited, competently staffed by qualified and prudent personnel and operating in compliance with the standard of due care maintained in other properly equipped, efficiently operated and administered, accredited hospitals in said community commonly.

8. At all times herein mentioned Defendants COMMUNITY HEALTH CENTERS and DOES 41 through 50, were doing business as a district hospital, a hospital operated by a government entity open to the public, or a medical facility operated by a government entity open to the public, or a physician, nurse midwife, or nurse, or other health care professional employed by a government entity, rendering medical, surgical, hospital, diagnostic, nursing and other care to the general public for compensation, existing under and by virtue of the laws of the State of California; that said Defendant corporations, hospitals and the remaining Defendants, and each of them, owned, operated, managed and controlled a general hospital facility within the County of San Luis Obispo, State of California, held out to the public at large and to the Plaintiffs herein, as properly equipped, fully accredited, competently staffed by qualified and prudent personnel and operating in compliance with the standard of due care maintained in other properly equipped, efficiently operated and administered, accredited hospitals in said community commonly.

9. Defendants COMMUNITY HEALTH CENTERS and DOES 21 through 50, inclusive, at all times herein mentioned were institutions or controlled institutions, duly accredited by the Joint Commission on Hospital Accreditation, and assumed and held themselves out to the public and to Plaintiffs as in compliance with the minimum standards required by said Joint Commission for such accreditation.

10. Plaintiffs are informed and believe and upon such information and belief allege that at all times herein mentioned, Defendants and other Defendants, including DOES 1 through 50, named fictitiously, were the agents, ostensible agents, servants, employees, joint-venturers, and co-partners of their said co-Defendants, including DOES 1 through 50, and, as such, were acting within the

course and scope of such agency, service, partnership, venture, and employment at all times herein mentioned; that each and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other Defendant, as its agent, ostensible agent, servant, employee, joint-venturer and partner. Further, each and every Defendant ratified the conduct of the other Defendants.

11. Plaintiffs are informed and believe that at the time of judgment they will be entitled to prejudgment interest because the Defendants will have rejected an offer pursuant to the terms of Code of Civil Procedure Section 998 and will have failed to obtain a more favorable judgment.

12. On or about August 9, 2017, plaintiffs served a Federal Tort Claim form on Deborah Kronstad, M.D. and Community Health Centers alleging medical negligence by these defendants, who Plaintiffs are informed and believe may be Federal employees. The claim was deemed rejected on or about December 21, 2017.

### FIRST CAUSE OF ACTION FOR WRONGFUL DEATH
### (BY SUZANNE ABREU and KENNETH ALARCON AGAINST DEFENDANTS DEBORAH KRONSTAD, M.D., COMMUNITY HEALTH CENTERS AND DOES 1 THROUGH 50)

13. Plaintiffs SUZANNE ABREU and KENNETH ALARCON repeat and replead each and every allegation contained in all prior paragraphs and incorporate the same herein by reference as to Defendants DEBORAH KRONSTAD, M.D. and COMMUNITY HEALTH CENTERS AND DOES 1 THROUGH 50, as follows.

14. Winston Alarcon, a minor, died on February 1, 2017. Plaintiffs SUZANNE ABREU and KENNETH ALARCON are the decedents' surviving parents.

15. Plaintiffs bring this action, inter alia, as specified in Section 377 et seq. of the Code of Civil Procedure individually.

16. That SUZANNE ABREU and KENNETH ALARCON were at all times the natural heirs of Winston Alarcon and bring this action for Wrongful Death as individual Plaintiffs herein.

17. Prior to February 1, 2017, and at all times mentioned herein, Winston Alarcon (hereinafter referred to as "decedent") was placed in and remained under the sole and exclusive care

and control of Defendants, and each of them, for the purpose of receiving medical, surgical, hospital, diagnostic, and nursing and other care.

18. At all times mentioned herein, Plaintiffs SUZANNE ABREU and KENNETH ALARCON were the parents of the decedent, and as such, all Plaintiffs are heirs at law of the decedent.

19. While decedent was under the sole and exclusive care and control of Defendants, and each of them, as aforesaid, Defendants, and each of them, negligently, carelessly, and unskillfully examined, diagnosed, treated, cared for, diagnosed, operated upon, attended and otherwise handled and controlled decedent and negligently failed to possess and exercise that degree of skill and knowledge ordinarily possessed and exercised by other physicians and surgeons, hospitals, nurses, technicians, attendants and the like engaged in said professions in the same locality as Defendants, and each of them.

20. At all times herein mentioned, when the decedent was in the exclusive control of the Defendants, and each of them, and that at no time prior to the events, conduct, activities, care and treatment herein complained of did the Defendants herein, or any of them, obtain knowledgeable, informed consent for said care, treatment or conduct; that prior to the initiation of or performance of said care, treatment, procedure or conduct no opportunity was afforded the Plaintiffs or any authorized agent of the Plaintiffs to exercise voluntary, knowledgeable and informed consent to said care, treatment, procedure or conduct.

21. As a direct and proximate result of the aforesaid negligence and carelessness of Defendants, and each of them, decedent died on or about February 1, 2017.

22. As a direct and proximate result of the aforesaid negligence, carelessness and unskillfulness of the Defendants, and each of them, and the resultant death of said decedent, Plaintiffs have suffered extreme emotional distress and the pecuniary loss of the love, affection, comfort, care, society companionship, protection, solace, moral support, physical assistance in the operation and maintenance of the home, support and right to receive support from the decedent, all to their damages in a sum in excess of the jurisdiction of the Municipal Court.

23. As a direct and proximate result of the aforesaid negligence, carelessness and

– 5 –
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

unskillfulness of the Defendants, and each of them, Plaintiffs were compelled to and did expend a sum to be determined for medical expenses, funeral expenses and burial expenses of said decedent, to their further damage in said sum.

///

///

## SECOND CAUSE OF ACTION FOR
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## (BY PLAINTIFF SUZANNE ABREU AGAINST DEFENDANTS DEBORAH KRONSTAD, M.D., COMMUNITY HEALTH CENTERS AND DOES 1 THROUGH 50)

24. SUZANNE ABREU repeats and repleads each and every allegation contained in all prior paragraphs and incorporates the same herein by reference.

25. At all times herein mentioned, SUZANNE ABREU was the mother of decedent and was under a duty to care for the minor child herein. Plaintiff SUZANNE ABREU employed said Defendants to care for and treat herself and her minor child during the pregnancy, labor and delivery, and thereafter.

26. At all times mentioned, said Defendants were under a legal duty to Plaintiff with respect to the care and treatment of the child, while the child was a patient in the said hospital and under the care of the said Defendants. Said Defendants and each of them treated and cared for both the minor and SUZANNE ABREU during the labor and delivery of decedent.

27. At all times mentioned, there existed a close relationship between Plaintiff SUZANNE ABREU and the minor decedent, namely, mother and child, and said Defendants were aware of this close relationship when they agreed to care for the child. It was foreseeable that Plaintiff SUZANNE ABREU would be damaged directly by negligent acts or omissions to act and committed upon the child. Said Defendants were aware that Plaintiff SUZANNE ABREU was concerned about the physical well-being of her child when Defendants agreed to treat both the child and SUZANNE ABREU. Plaintiff SUZANNE ABREU was billed for the Defendants' medical services rendered to the child.

28. It was reasonably foreseeable and easily predictable that any acts of negligence by

these Defendants that would injure the decedent child would lead to serious emotional distress in Plaintiff SUZANNE ABREU. Because the risk of harm to the Plaintiff was reasonably foreseeable and easily predictable, Defendants owed Plaintiff a duty to exercise due care in diagnosing, caring for, and treating Plaintiff's minor child. This is especially true as Defendants agreed to and did treat both SUZANNE ABREU and the minor at the same time.

29. Said Defendants in reckless disregard of the probability that their actions, in failing to provide the necessary medical treatment to Plaintiff SUZANNE ABREU and her child, caused Plaintiff SUZANNE ABREU severe emotional distress.

30. By reason of the negligence of said Defendants, Plaintiff SUZANNE ABREU suffered severe and serious emotional distress and shock and injury to her nervous system and body, all to her general damage in a sum within the jurisdiction of this Court and pursuant to Burgess v. Super. Ct. (Gupta) (1992) 2 Cal.4th 1064.

### THIRD CAUSE OF ACTION FOR
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (BY PLAINTIFF KENNETH ALARCON AGAINST DEFENDANTS DEBORAH KRONSTAD, M.D., COMMUNITY HEALTH CENTERS AND DOES 1 THROUGH 50)

31. Plaintiff KENNETH ALARCON repeats and repleads each and every allegation contained in all prior paragraphs and incorporates the same herein by reference.

32. At all times herein mentioned, Plaintiff KENNETH ALARCON was the father of decedent and the husband of SUZANNE ABREU and was closely related.

33. At all times mentioned, said Defendants were under a legal duty to decedent and KENNETH ALARCON with respect to the care and treatment of the child while the child was a patient in the said hospital and under the care of the said Defendants. Said Defendants and each of them treated and cared for both the minor and the minor's mother during the labor and delivery of the decedent minor, and thereafter.

34. KENNETH ALARCON was present during labor and delivery of decedent, Winston Alarcon, and in the days subsequent to his birth. Plaintiff was at the scene of the injury producing events and then knew that his son was injured and dying. KENNETH ALARCON witnessed his son

panting, grunting, unable to eat and unable to breath. He witnessed his son going into cardiac arrest and witnessed his son being taken to the nursery. KENNETH ALARCON was present when the nurses called for the doctor and witnessed the medical personnel working on their son and witnessed his lifeless body as they attempted CPR and watched his son pass away.

35. Said Defendants in disregard of the probability that their actions, in failing to provide the necessary medical treatment to decedent, caused Plaintiff KENNETH ALARCON to suffer severe emotional distress.

36. By reason of the negligence of said Defendants, Plaintiff KENNETH ALARCON suffered severe and serious emotional distress and shock and injury to his nervous system and body, all to his general damage in a sum within the jurisdiction of this Court and pursuant to Thing v. La Chusa (1989) 48 Cal.3d 644.

## FOURTH CAUSE OF ACTION FOR LOSS OF CONSORTIUM
### (BY PLAINTIFF SUZANNE ABREU AGAINST DEFENDANTS DEBORAH KRONSTAD, M.D., COMMUNITY HEALTH CENTERS AND DOES 1 THROUGH 50)

37. Plaintiffs plead each and every allegation contained in all prior paragraphs and incorporate the same herein by reference as to Defendants and each of them as follows.

38. At all times herein mentioned, SUZANNE ABREU and KENNETH ALARCON were married and are husband and wife.

39. As a direct and proximate result of the aforesaid conduct of Defendants, and each of them, and the resultant emotional injuries to Plaintiff, KENNETH ALARCON, Plaintiff SUZANNE ABREU suffered and is reasonably certain to suffer in the future the loss of love, companionship, comfort, affection, society, solace, moral support, enjoyment of sexual relations, enjoyment of life, and physical assistance in the operation and maintenance of the home, loss of financial support all to their damage in a sum in excess of the jurisdiction of the Municipal Court.

## FIFTH CAUSE OF ACTION FOR LOSS OF CONSORTIUM
### (BY PLAINTIFF KENNETH ALARCON AGAINST DEFENDANTS DEBORAH KRONSTAD, M.D., COMMUNITY HEALTH CENTERS AND DOES 1 THROUGH 50)

40. Plaintiffs plead each and every allegation contained in all prior paragraphs and

– 8 –
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

incorporate the same herein by reference as to Defendants and each of them as follows.

41. At all times herein mentioned, SUZANNE ABREU and KENNETH ALARCON were married and are husband and wife.

42. As a direct and proximate result of the aforesaid conduct of Defendants, and each of them, and the resultant emotional injuries to Plaintiff, SUZANNE ABREU, Plaintiff KENNETH ALARCON suffered and is reasonably certain to suffer in the future the loss of love, companionship, comfort, affection, society, solace, moral support, enjoyment of sexual relations, enjoyment of life, and physical assistance in the operation and maintenance of the home, loss of financial support all to their damage in a sum in excess of the jurisdiction of the Municipal Court.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them as follows:

FOR THE FIRST CAUSE OF ACTION FOR WRONGFUL DEATH FOR ALL PLAINTIFFS:

1. General damages, according to proof;
2. Special damages, according to proof;
3. For all doctor, hospital, medical and incidental expenses according to proof;
4. For funeral and burial expenses, according to proof;
5. Prejudgment interest except as to public entities as provided by California Civil Code § 3291;
6. Costs of suit incurred herein,
7. Code of Civil Procedure § 998 penalties and interest, and;
8. For such other and further relief as to the Court appears just and proper.

FOR THE SECOND CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS FOR PLAINTIFF SUZANNE ABREU:

1. Economic and non-economic damages according to proof;
2. Past and future medical expenses, according to proof;
3. For loss of future earning and earning capacity, according to proof;
4. Prejudgment interest;

– 9 –
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

5. Costs of suit incurred herein, and

6. For such other and further relief as to the Court appears just and proper.

FOR THE THIRD CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS FOR PLAINTIFF KENNETH ALARCON:

1. Economic and non-economic damages according to proof;

2. Past and future medical expenses, according to proof;

3. For loss of future earning and earning capacity, according to proof;

4. Prejudgment interest;

5. Costs of suit incurred herein, and

6. For such other and further relief as to the Court appears just and proper.

FOR THE FOURTH CAUSE OF ACTION FOR LOSS OF CONSORTIUM FOR PLAINTIFF SUZANNE ABREU:

1. Economic and non-economic damages according to proof;

2. Past and future medical expenses, according to proof;

3. For loss of future earning and earning capacity, according to proof;

4. Prejudgment interest;

5. Costs of suit incurred herein, and

6. For such other and further relief as to the Court appears just and proper.

FOR THE FIFTH CAUSE OF ACTION FOR LOSS OF CONSORTIUM FOR PLAINTIFF KENNETH ALARCON:

1. Economic and non-economic damages according to proof;
2. Past and future medical expenses, according to proof;
3. For loss of future earning and earning capacity, according to proof;
4. Prejudgment interest;
5. Costs of suit incurred herein, and
6. For such other and further relief as to the Court appears just and proper.

DATED: January 12, 2018

DONAHUE & HORROW, LLP

THOMAS E. DONAHUE
Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

DATED: January 12, 2018

DONAHUE & HORROW, LLP

THOMAS E. DONAHUE
Attorneys for Plaintiffs

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Thomas E. Donahue    SBN: 156279
DONAHUE & HORROW LLP
1960 E Grand Ave, Ste 1215, El Segundo, CA 90245
TELEPHONE NO.: (310) 322-0300    FAX NO.: (310) 322-0302
ATTORNEY FOR *(Name):* Kenneth Alarcon

**FOR COURT USE ONLY**
ELECTRONICALLY
FILED
1/12/2018 3:50 PM
SAN LUIS OBISPO SUPERIOR COURT
BY Carol L. McGoirk, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN LUIS OBISPO
STREET ADDRESS: 1035 Palm Street, Room 385
MAILING ADDRESS: 1035 Palm Street, Room 385
CITY AND ZIP CODE: San Luis Obispo, 93408
BRANCH NAME: Civil Court Operations

CASE NAME: Abreu, et al. vs Deborah Kronstad, M.D., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 18CV-0032 |
|---|---|---|
| [X] Unlimited  [ ] Limited (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[X] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):*  a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 1
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 12, 2018

Thomas E. Donahue
(TYPE OR PRINT NAME)                    ► (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

15
EXHIBIT 1

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]     **CIVIL CASE COVER SHEET**     Page 2 of 2

16
EXHIBIT 1